# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ERIK HARBIN,** | ) | CASE NO. 7:20CV00012 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **J.C. STREEVAL,**[1] | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Respondent.** | ) | |

Erik Harbin, a federal inmate, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Harbin asserts that he is actually innocent of the crime for which he was convicted and sentenced in light of Rehaif v. United States, __ U.S. __, 139 S. Ct. 2191 (2019). See United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019) (allowing § 2241 challenge to federal sentence as imposed); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (allowing § 2241 challenge to federal conviction). Upon review of the record, the court concludes that it lacks jurisdiction over Harbin's claims.

I.

Harbin is currently confined at the United States Penitentiary Lee County, located in this judicial district. Pursuant to a written plea agreement in Case No. 3:15-cr-40 in the United States District Court for the Northern District of Indiana, Harbin pleaded guilty on July 14, 2015, to a single count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On November 23, 2015, the court sentenced Harbin to a term of 117 months of imprisonment. He did not pursue an appeal. In November 2016, Harbin filed a motion to vacate pursuant to 28 U.S.C.

---

[1] The court has substituted Warden J.C. Streeval for Acting Warden D. Leu as respondent. See Fed. R. Civ. P. 25(d).

§ 2255 in the sentencing court, claiming that trial counsel had provided ineffective assistance. The Court summarily denied the § 2255 motion as without merit, and Harbin did not appeal.

In response to Harbin's current petition under § 2241 to this court, respondent argues that the petition must be dismissed for lack of jurisdiction or merit. Harbin has filed a response and an amended response in opposition to the motion to dismiss. Thus, the matter has been fully briefed.

II.

A federal prisoner bringing a claim for relief from an allegedly illegal conviction must normally do so in a § 2255 motion in the sentencing court. Section 2255(e) provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. In re Jones, 226 F.3d at 332; see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").

Several circuit courts of appeals, including the Fourth Circuit, have held that the last phrase in § 2255(e), known as the savings clause, is jurisdictional. Wheeler, 886 F.3d at 424-25 (citing Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in exceptional circumstances." Id. at

425.[2] In this circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 328 F.3d at 333-34; see also Wheeler, 886 F.3d at 429 (setting forth similar factors for challenges to sentences). Thus, unless Harbin demonstrates that he can satisfy the Jones test so that the savings clause applies to permit his Rehaif challenge in a § 2241 petition, this court has no "power to act" on his § 2241 claim. Wheeler, 886 F.3d at 425; see also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited.").

Harbin argues that in the wake of the Supreme Court's decision in Rehaif, he is actually innocent of his conviction under 18 U.S.C. § 922(g) and is being unlawfully detained. Section 922(g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who knowingly violates the first provision shall be fined or imprisoned for up to 10 years." Rehaif, 139 S. Ct. at 2194; see also 18 U.S.C. § 922(g). In Rehaif, the Supreme Court held that "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Rehaif, 139 S. Ct. at 2194. According to Harbin, he was not aware of his status

---

[2] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

as a prohibited person, nor was he informed of that status by defense counsel, the prosecution, or the court. Therefore, he claims, the elements of the crime were not proven, and he is actually innocent of the § 922(g) conviction. Harbin also argues that because he was not aware of the relevant status, his plea was not knowing and intelligent, and, lastly, that he was deprived of adequate notice. The court may not address these claims on the merits unless Harbin has established that the court has jurisdiction under the savings clause to address them.

Harbin argues that § 2255 is inadequate and ineffective to challenge his conviction and sentence for the following reasons. First, he asserts that such a challenge was foreclosed by circuit or Supreme Court law at the time of his sentencing and § 2255 motion. Second, Harbin contends that he would be barred from bringing his actual innocence claim in a second or successive 2255 motion. Such a motion may be authorized by the circuit court only when the defendant makes a showing that it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Harbin's challenge to his conviction is based on a change in statutory, not constitutional, law, and it does not rely on newly discovered evidence.

As discussed above, in order to utilize § 2255(e)'s savings clause and challenge his conviction pursuant to § 2241, Harbin must meet the conditions set forth in Jones. 226 F.3d at 333-34. The Fourth Circuit has held that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2020) (citing United States v. Langley, 62 F.3d 602 (4th

Cir. 1995), abrogated by Rehaif, 139 S. Ct. 2191). Thus, Harbin has satisfied the first prong of the Jones test. 226 F.3d at 333-34.

Harbin, however, cannot satisfy the second Jones requirement. Since Rehaif, several courts within the Fourth Circuit, including this court, have held that Rehaif did not change substantive law if the conduct for which the petitioner was convicted is still illegal. See, e.g., Erby v. Breckon, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (collecting cases); Swindle v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *3 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and, therefore, he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."). In Harbin's case, it is still illegal for felons, among others, to possess weapons. Nor has Harbin argued that he did not possess a weapon. See, e.g., United States v. Mayo, No. 4:12-cr-00032, 2020 WL 2476167, at *2 (W.D. Va. May 13, 2020) (noting, in context of procedural default of a Rehaif claim, that petitioner "has made no argument that he did not commit the crime alleged" and that "the record is devoid of any facts to support such an argument"). Therefore, Harbin cannot meet the second Jones requirement and,

5

accordingly, cannot make use of the savings clause to challenge the validity of his conviction under § 922(g).[3]

For the reasons stated, this court is constrained to conclude that Harbin cannot proceed with his claims under § 2241 because the court lacks jurisdiction over the petition. Therefore, the court will grant respondent's motion and dismiss the petition without prejudice. An appropriate order will enter herewith. The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record.

**ENTER**: This __14th__ day of January, 2021.

_____
Senior United States District Judge

---

[3] To the extent Harbin intends to challenge his sentence under Wheeler as the result of an unlawful conviction, for the reasons stated above Harbin cannot meet Wheeler's requirements to give this court jurisdiction over such a claim through the savings clause. 886 F.3d at 423.